UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NINA STRASS and ALLAN GOLD,

                Plaintiffs,

        - against -

COSTCO WHOLESALE CORPORATION,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-06924 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

      Plaintiffs Nina Strass and Allan Gold bring this action against Defendant Costco Wholesale Corporation ("Defendant" or "Costco") seeking damages for injuries suffered as a result of Strass's slip-and-fall inside one of Costco's stores. Costco now moves for summary judgment, contending that Plaintiffs have failed to put forward sufficient evidence to make out a *prima facie* case of negligence. More narrowly, the issue is whether the record contains evidence that Costco created the condition that allegedly caused Strass's fall or, in the alternative, had actual or constructive notice of the condition. Because the record is devoid of any evidence that Costco created, or had actual or constructive notice of, the condition, and for the additional reasons stated below, Costco's motion for summary judgment is granted.

## BACKGROUND

### I.    THE AUGUST 23, 2014 INCIDENT

      On August 23, 2014, Plaintiffs Nina Strass and her husband Allan Gold visited a Costco store in North Brunswick, New Jersey, (Dkt. 27 ("Def.'s 56.1") ¶ 2-3),[1] arriving "between 4:00

---

[1]    The facts in this section are drawn from the statements contained in the parties' 56.1 statements. Unless otherwise noted, a standalone citation to a 56.1 Statement denotes that the Court has deemed the underlying factual allegation undisputed. Any citation to a party's 56.1

p.m. and 4:30 p.m." (*Id.* ¶ 4.) According to Gold, during their visit, Plaintiffs walked "through every aisle except for the meat aisle." (Dkt. 25-5 ("Gold. Dep.") at 11:9-11.) After walking through the store, Plaintiffs walked towards the cash registers to check out. (Def.'s 56.1 ¶ 8.) Gold testified that as Plaintiffs approached the registers, his wife left him and went to get something to drink. (Gold. Dep. at 13:2-10.)[2]

Approximately 20 to 30 minutes after arriving at Costco, "[o]n her way to select [a] beverage product," Strass slipped and fell by Aisle 319. (*See* Def.'s 56.1 ¶¶ 8-9.) Prior to her fall, she did not see the substance that allegedly caused her to slip on the floor. (*Id.* ¶ 15.) Although Strass stated that the substance was "wet," but not "sticky," (Strass Dep. at 29:9-12), she did not know its color, origin, or how long it had been on the floor prior to her fall. (Def.'s 56.1 ¶¶ 13-14,

---

Statement incorporates by reference the documents cited therein. Where relevant, however, the Court may cite directly to underlying documents.

    Local Rule 56.1 "requires a party moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to the admissible evidence of record supporting each such fact. . . . If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003); *see also Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003) (A party's "failure to respond or contest the facts set forth [in the moving party's] Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed.") (quotation marks omitted). In its reply, Defendant did not respond to Plaintiffs' 56.1 counter-statement. Therefore, the Court deems the facts asserted in Paragraphs 30 through 40 of Plaintiffs' 56.1 counterstatement to be undisputed and admitted. *Giannullo*, 322 F.3d at 140; *see also Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."). The Court is not aware of any authority that dictates a different rule where the moving party is responding to a non-moving party's 56.1 counter-statement.

    [2]    Plaintiffs disagree as to whether or not Gold was in the checkout line when his wife went to find something to drink. (*Compare* Gold. Dep. at 12:15-18 ("Q. At that point, your wife left you to go look for water? A. My wife went to look for water and I stayed on the checkout line.") *with* Dkt. 25-4 ("Strass Dep.") at 23:20-24:2 ("Q. . . . At the time that you split from your husband when you went to retrieve the water, is it true, yes or no, that he was not yet at the cash registers? A. Yeah, we didn't stay in the line yet.").)

16.)  After she fell, Strass stood up unassisted and walked towards the front of the store where her husband waited.  (*Id.* ¶ 17.)  While in line to check out, Gold recalls that he saw his wife walk towards him looking "pale" with "blood . . . coming off of her arm" and "bones sticking out from her fingers."  (Gold Dep. at 15:5-15.)  Plaintiffs then walked to Costco's food court and reported the incident to a Costco employee.  (Def.'s 56.1 ¶ 21.)  Around this time, Robert Chiavaroli, a Costco maintenance employee saw Strass and rendered medical assistance to her in the food court.  (*Id.* ¶ 28.)[3]  While receiving aid, Strass did not tell Chiavaroli the cause of her injury.  (*Id.*)  To further assist, Chiavaroli bandaged Strass's wrist and helped transport her by wheelchair into a back-office space.  (Dkt. 30 ("Pls.' 56.1") ¶ 39.)  Sometime later, Gold took his wife to the Hospital for Special Surgery in Manhattan, where she underwent surgery the following Monday.  (*Id.* ¶ 40.)

## II.     COSTCO'S SPILL POLICY

Costco maintains certain policies and procedures to address potential accidents from spills and other hazards.  Specifically, the store's employees conduct hourly floor-walk inspections, "which consist of an employee walking through the store, starting from the entrance and working their way throughout the building to inspect for conditions within the warehouse."  (Def.'s 56.1 ¶ 23.)  Costco employees are required to report "anything of danger" that is discovered during the inspection on the store's daily walk sheet.  (*Id.*)  On the daily walk sheet ("Walk Sheet"), there is a section to record any "spills or other hazards."  (*Id.*)

---

[3]      As a maintenance employee, Chiavaroli is responsible for responding to calls from other employees, remediating spills, and performing any necessary maintenance in the Costco. (Def.'s 56.1 ¶ 29.)

On August 23, 2014, the Walk Sheet indicated that Robert Coombs, a member services[4] employee at Costco, performed a floor walk that "began at 4:10 p.m. and was completed around 4:40 p.m."  (*Id.* ¶ 25.)  The Walk Sheet is devoid of any indication from either before or after Strass's fall that there was a beverage spill near the area where beverages are sold in bulk, which includes Aisle 319.  (*Id.* ¶¶ 26-27.)

## III.   THE INSTANT LITIGATION

On November 25, 2014, Plaintiffs commenced this action to recover damages for Strass's injuries and Gold's loss of consortium. (Dkt. 1.)  After discovery, on February 26, 2016, Defendant moved for summary judgment seeking dismissal of Plaintiffs' claims in their entirety.  (Dkt. 25.)

## DISCUSSION

## I.   LEGAL STANDARD

Summary judgment is proper only where, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole,* 678 F.3d 166, 173–74 (2d Cir. 2012).  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is material within the meaning of Rule 56 where it "might affect the outcome of the suit under the governing law."  *Id.* at 248.  In determining whether there are genuine disputes of material fact, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003) (citations and quotations omitted).

---

[4]      "Member services" is Costco's term for "customer services," presumably based on the fact all of its customers have to become "members" to shop at its stores.  *See* http://www.costco.com/membership.html.

4

This standard imposes the initial burden on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial. *Id.* at 324*; see also Anderson,* 477 U.S. at 256–57. "The non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of N.Y.,* 132 F.3d 145, 149 (2d Cir. 1998) (collecting cases). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). Summary judgment is also proper where "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.

## II.     PLAINTIFF'S NEGLIGENCE CLAIM

### A.     Negligence Under New York Law

"To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (citations and quotations omitted).[5]   In a slip-and-fall case, "the *plaintiff* must demonstrate a

---

[5]     Defendant argues, and Plaintiffs do not contest, that New York law applies to this action. "A federal court sitting in diversity applies the choice of law principles of the forum state, in this case New York, to decide which state's substantive law controls." *Simon v. Philip Morris*

genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition." *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 318 (E.D.N.Y. 2014) (emphasis added); *Lacey v. Target Corp.*, 13-CV-4098, 2015 WL 2254968, at *2 (E.D.N.Y. May 13, 2015); *see Kraemer v. K-Mart Corp.*, 641 N.Y.S.2d 130 (N.Y. App. Div. 1996).

Defendant argues that there is no evidence in the record indicating that Costco created the wet condition or had actual or constructive notice that the liquid was present on the floor prior to Strass's fall. Plaintiffs respond that there is "a question of fact as to [] whether the Defendant caused and created the hazardous condition that caused [Strass's] fall or had [] actual or constructive notice of the same." (Dkt. 29 ("Pls.' Opp.") at 11.)[6]

### B.    Applicable Summary Judgment Standard

As an initial matter, the parties dispute the applicable summary judgment standard. Specifically, Plaintiffs contend that the moving party, *i.e.* Defendant, must "make out a prima facie case establishing that it did not have notice of or create the condition that caused Plaintiff's fall."

---

*Inc.*, 124 F. Supp. 2d 46, 53 (E.D.N.Y. 2000) (citations omitted). "[T]he first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998). Here, the Court agrees with Defendant that there is no relevant conflict between New York's and New Jersey's negligence laws. *See, e.g., Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (N.Y. App. Div. 1985); *Febesh v. Elcejay Inn Corp.*, 157 A.D.2d 102, 104 (N.Y. App. Div. 1990). Accordingly, the Court applies New York substantive law to the elements of Plaintiffs' claims, but federal procedural law to determine whether Defendant is entitled to summary judgment. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Khalil-Mirhom v. Kmart Corp.*, 12-CV-5512, 2014 WL 173415, at *3 (E.D.N.Y. Jan. 13, 2014); *Casierra v. Target Corp.*, 09-CV-1301, 2010 WL 2793778, at *1 (E.D.N.Y. July 12, 2010).

[6]    All page references correspond to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

(Pls.' Opp. at 5.)[7] But Plaintiffs' argument erroneously relies on the State court summary judgment standard, which differs from the standard applied in federal court. *See Shimunov v. Home Depot U.S.A, Inc.*, 11-CV-5136, 2014 WL 1311561, at *3 (E.D.N.Y. Mar. 28, 2014); *Painchault v. Target Corp.*, 09-CV-1831, 2011 WL 4344150, at *3 (E.D.N.Y. Sept. 14, 2011) (citations and quotations omitted); *DeAngelis v. Am. Airlines, Inc.*, 06-CV-1967, 2010 WL 1292349, at *3 n.2 (E.D.N.Y. Mar. 31, 2010).  Whereas the State court summary judgment standard in New York requires the moving party to put forth evidence in support of its motion for summary judgment, the federal standard does not.  *Casierra*, 2010 WL 2793778, at *1 n.1 (citing N.Y.C.P.L.R. 3212(b)); *see Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12 (2d Cir. 2008) (noting how New York summary judgment standard differs from federal standard); *Simoes v. Target Corp.*, 11-CV-2032, 2013 WL 2948083, at *9 (E.D.N.Y. June 14, 2013).  Under the federal summary judgment standard, Defendant is not required to put forth evidence affirmatively demonstrating its lack of knowledge or its constructive knowledge; rather, it need only show that Plaintiffs will not be able to prove at trial that Defendant had such knowledge.  It is this standard that controls here "because what burdens each party bears on summary judgment is a procedural rather than substantive matter."  *DeAngelis*, 2010 WL 1292349, at *3 n.2 (citations and quotations omitted); *see Chong v. Target Corp.*, 14-CV-547, 2015 WL 2250250, at *4 (E.D.N.Y. May 12, 2015) (plaintiff "misconstrue[d] the burden" where she "argue[d] that [d]efendant . . . failed to prove a lack of constructive notice").  Thus, Defendant can meet its burden on summary judgment in

---

[7]     The Court notes that despite correctly identifying the federal court summary judgment standard, Plaintiffs simultaneously and erroneously rely on the State court summary judgment. (*Compare* Pls.' Opp. at 5 ("It follows that defendant has failed to make a prima facie case establishing that it did not have notice of or create the condition that caused Plaintiff's fall.") *with id.* at 3 ("No genuinely triable factual issue exists when the moving party demonstrates, after drawing all inferences and resolving all ambiguities in favor of the non-moving party[,] that no rational jury could find in the non-movant's favor.").

federal court by pointing to *Plaintiffs'* inability to prove at trial that Defendant created or had actual or constructive notice of the allegedly hazardous condition.[8]

### C.    Creation of the Condition

Defendant avers that "[P]laintiffs offer no evidence as to the creation of the spill that is alleged to have caused her fall."  (Dkt. 26 ("Def.'s Br.") at 15.)  In the context of a summary judgment motion, Plaintiffs' "burden . . . is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that Defendant created the hazardous condition."  *Lionel*, 44 F. Supp. 3d at 319 (citing *Tenay*, 281 F. App'x at 13).

Here, Plaintiffs fail to point to any evidence establishing that Costco and/or its employees created the spill that allegedly caused Strass's fall.  Indeed, it is undisputed that Strass "did not know the origin of the condition on which she fell," (Def.'s 56.1 ¶ 14), and Plaintiffs do not proffer any additional evidence to establish that Defendant created the spill.  Absent such evidence, Plaintiffs cannot prove that Defendant created the spill, and summary judgment on that issue is warranted.  *See, e.g., Painchault*, 2011 WL 4344150, at *3 (granting summary judgment where plaintiff did not know the source of the spill and failed to present any other evidence regarding its source); *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 404 (E.D.N.Y. 2010) ("The evidence . . . does not support a reasonable inference that [defendant's] employee created the puddle, even if [it] does not foreclose such a possibility."); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 331 (E.D.N.Y. 1998) ("There is no proof, only mere speculation, as to how the substance got on the floor, or whether the defendants or their employees created the condition, and

---

[8]    Plaintiffs correctly identify "preponderance of the evidence" as the ultimate burden they will bear at trial.  (Pls.' Opp. at 3.)  But to survive summary judgment, Plaintiffs still must present sufficient evidence to create a triable issue of fact as to all elements of their claim, *i.e.*, that a jury could find, by a preponderance of the evidence, that Plaintiffs had proved their claim.

absent evidentiary proof in admissible form to prove otherwise, the plaintiff has not raised a triable issue of fact.").

### D.    Actual Notice

Defendant also argues that Plaintiffs present no evidence to support their allegation that Costco and/or its employees had actual notice of the spill.  (Def.'s Br. at 15.)  To show actual notice, the plaintiff must "prove that the defendants were, in fact, aware of the dangerous condition."  *Quarles*, 997 F. Supp. at 332; *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition.").  Aside from conclusory references to "actual notice," Plaintiffs do not identify any evidence that would support a finding that Costco was, in fact, aware of the condition that allegedly caused Strass's fall, and the Court's review of the record reveals none.

### E.    Constructive Notice

Because Plaintiffs have failed to show that Costco created or had actual notice of the condition that allegedly caused Strass's fall, the sole dispositive issue at this stage is whether the record contains evidence that Costco had constructive notice of the condition.  It does not.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it."  *Lacey*, 2015 WL 2254968, at *3 (citations and quotations omitted); *Quarles*, 997 F. Supp. at 332; *Hammond-Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992). "[P]laintiff must provide some basis for an inference that the [spill was] there long enough to blame [D]efendant for the accident."  *Lacey*, 2015 WL 2254968, at *4 (citations and quotations omitted). A "general awareness" of the allegedly hazardous condition is insufficient.  *DeAngelis*, 2010 WL

1292349, at *6 (citation and quotation omitted).  "[A] jury should not be allowed to conclude, based on mere speculation, that a condition was visible and apparent for a sufficient length of time to be discovered and remedied."  *Painchault*, 2011 WL 4344150, at *4 (citation and quotation omitted).

> 1.    Direct Evidence

Summary judgment is warranted where a plaintiff "fails to submit evidence that the dangerous condition was present for some time before the accident occurred."  *DeAngelis*, 2010 WL 1292349, at *6; *Tenay*, 281 F. App'x at 14 (affirming grant of summary judgment where plaintiff "offered neither any evidence that the wet area was visible or apparent, nor any evidence suggesting how long the condition had existed prior to his fall"); *Lacey*, 2015 WL 2254968, at *4-5 (plaintiff failed to "identif[y] any evidence that raise[d] a triable issue of fact as to constructive notice" where "debris that purportedly caused plaintiff's slip could have been on the floor for a long period of time, or it could have landed there only moments before plaintiff slipped on it"); *Casierra*, 2010 WL 2793778, at *3 ("To get to a jury, [the plaintiff] is required to provide some basis for an inference that the spill was there long enough to blame [the defendant] for the accident."); *Hammond-Warner*, 797 F. Supp. at 211 ("[I]n order to show constructive notice, plaintiff must present evidence of the length of time the condition existed prior to the alleged fall. In the absence of such evidence, the complaint must be dismissed.").

Here, the record is devoid of any evidence establishing the amount of time the liquid was on the floor prior to Strass's fall and, therefore, there are no genuine issues of material fact for trial.  Indeed, the parties agree that Strass herself, at the time of accident, "did not know how long the condition [had] existed on the floor prior to the time that she fell. (Def.'s 56.1 ¶ 16.)  And now, after discovery, Plaintiffs still do not offer any evidence as to when the spill occurred.

Accordingly, summary judgment is warranted because Plaintiffs fail to offer evidence as to an element which they bear the burden at trial, *i.e.*, that the substance was on the floor long enough for one of Defendant's employees to have discovered it, so as to support a finding of constructive notice. *See Shimunov*, 2014 WL 1311561, at *6 (finding that defendant established an absence of constructive notice where plaintiff could not present evidence as to how long the condition existed prior to plaintiff's fall); *Quarles*, 997 F. Supp. at 332 ("[T]here is no evidence as to when the coffee was spilled on the floor, and plaintiff's failure to offer such evidence is fatal to her claim of constructive notice."); *Hammond-Warner*, 797 F. Supp. at 211 (granting summary judgment where plaintiff did not know the length of time the substance had been on the ground) (collecting cases).

Moreover, the record supports the conclusion the contrary conclusion, *i.e.*, that Defendant did *not* have constructive notice of the spill before Strass's fall. Strass feel between 4:20 p.m. and 5:00 p.m. (*See* Def.'s 56.1 ¶¶ 4, 8-9.) According to Costco's Walk Sheet, Costco's employee Coombs conducted a full store inspection between 4:10 p.m. and 4:40 p.m. (Dkt. 25-10 ("Walk Sheet") at 1.) He also specifically indicated that he checked the Sales Floor, which includes Aisle 319, where the fall occurred, for "[t]rash, spills & trip hazards." (*Id.*) Based on Coombs's recollection and review of the Walk Sheet, he testified that he did not find any hazards during his walk between 4:10 p.m. and 4:40 p.m. (Dkt. 25-8 ("Coombs Dep.") at 30:15-18 ("Q. On your daily walk/safety inspection walk at four o'clock on August 3, 2014, did you find anything that needed to be reported? A. No.").)

Where a defendant conducts regular inspections and fails to discover any hazards prior to a plaintiff's slip and fall, there can be no showing of constructive knowledge and summary judgment in favor of the defendant is appropriate. *See, e.g.*, *Shimunov*, 2014 WL 1311561, at *2-3 (granting defendant's summary judgment motion where spill area was inspected "at most, one

hour before plaintiff's accident" and plaintiff failed to produce evidence establishing that spill existed for a period of time prior to accident); *Stephanides v. BJ's Wholesale Club, Inc.*, 12-CV-0083, 2013 WL 1694901, at *6-9 (E.D.N.Y. Apr. 18, 2013) (granting defendant's summary judgment motion where inspection of area occurred within an hour of accident and plaintiff failed to produce evidence indicating defendant's knew of spill); *Gonzalez v. K-Mart Corp.*, 585 F. Supp. 2d 501, 505 (S.D.N.Y. 2008) (finding as a matter of law that defendant did not act unreasonably where "inspections occurred every ten to fifteen minutes during store hours"); *Mantzoutsos v. 150 St. Produce Corp.*, 76 A.D.3d 549, 549-50 (N.Y. App. Div. 2010) (finding under State court summary judgment standard that defendant proved lack of constructive notice where store manager inspected the aisle where the spill occurred "sometime within the hour immediately before the injured plaintiff fell"). Here, absent any evidence to the contrary, the Walk Sheet establishes that Defendants could not have had constructive notice of the spill that allegedly caused Strass's slip and fall.

Plaintiffs respond that there are issues of fact precluding summary judgment because (1) "Mr. Coombs in fact never said that he specifically inspected aisle 319," (2) the record is allegedly unclear as to the exact time he inspected Aisle 319, and (3) the time of Strass's fall is in dispute. (Pls.' Opp. at 4-5.) These arguments all fail.[9]

---

[9]    Plaintiffs' reliance on *Birnbaum v. New York Racing Association*, 869 N.Y.S.2d 222 (N.Y. App. Div. 2012) is misplaced. First, *Birnbaum* is factually distinguishable from this case. In *Birnbaum*, there was "no evidence regarding any particularized or specific inspection or stair-cleaning procedure in the area of the plaintiff's fall on the date of the accident." *Id.* at 224. Here, by contrast, the evidence shows that Costco conducted hourly inspections and that such inspections occurred on the day of Strass's accident. Second and more fundamentally, *Birnbaum* is a State court case in which the decision was based on the State court summary judgment standard, which requires the defendant to prove lack of constructive notice. Here, as previously discussed, Plaintiffs, and not Defendant, bear the burden of putting forth sufficient evidence to establish a triable issue of fact regarding constructive notice.

First, Plaintiffs' argument that Coombs did not inspect Aisle 319 is based entirely on deposition testimony at which Coombs testified that he did not have "independent recollection" of which areas he inspected on the day of the incident and had to rely on his Walk Sheet for that the day.  (*Id.* at 4.)  But, as previously discussed, the Walk Sheet makes clear that Coombs inspected the Sales Floor, which includes Aisle 319, on the day in question.  (Walk Sheet at 1.)  Contrary to Plaintiffs' argument, Coombs's lack of independent recollection does not create a genuine issue of material fact.

Second, the exact time of Aisle 319's inspection and Strass's fall are not material for purposes of summary judgment.  The record shows that Aisle 319 was inspected between 3:07-3:55 p.m. and again between 4:10-4:40 p.m. (Walk Sheet at 1),[10] and that Strass fell between 4:20 p.m. and 5:00 p.m.  (Dkt 25-5 ("Gold Dep.") at 9:11-18; Dkt. 25-9 ("Incident Report") at 1; Def.'s 56.1 ¶¶ 4, 8-9.)  Thus, the exact time at which Strass fell is immaterial because no matter when she fell, Costco had conducted at least one inspection of Aisle 319 shortly before the spill and had determined that there were no hazardous conditions.[11]

2.      Circumstantial Evidence

Given the absence of direct evidence to establish constructive notice, Plaintiffs argue that a reasonable jury could find constructive notice based on certain circumstantial evidence, namely:

----

[10]      Though the end time for the last inspection is missing a digit, the inspection appears to have concluded at or around 6:30 p.m.  (Walk Sheet at 1.)

[11]      Plaintiffs argue that the ambiguity surrounding the time Strass fell is material because it shows that there was "ample time for the dangerous condition to have happened."  (Pls.' Opp. at 5.)  But that is not the test.  Plaintiffs need not adduce evidence that there was sufficient time for the condition to have occurred; rather, Plaintiffs must show that the condition existed for a sufficient amount of time for Costco reasonably to have discovered it.  *See Shimunov*, 2014 WL 1311561, at *6.  Indeed, the very fact that Plaintiffs cannot establish when the spill occurred weighs decidedly in favor of granting summary judgment to Defendant because Plaintiffs cannot establish an essential element of their claim.

(1) an earlier spill in an aisle "not far" from Strass's fall, and (2) the size of the puddle that allegedly caused Strass to slip. (Pls.' Opp. at 6-9.) Neither of these facts, however, viewed in the light most favorable to Plaintiffs, is sufficient to defeat summary judgment.

First, Plaintiffs argue that constructive notice can be inferred because there is evidence that Costco's employees were aware of another spill on the same day "not far" from the site of Strass's slip and fall. (Pls.' Opp. at 7-8.) Even if true, such evidence fails to show that Costco had constructive notice of the spill that allegedly caused Strass's fall.[12] Generally, a "plaintiff may . . . establish constructive notice by submitting evidence that an *ongoing and recurring* dangerous condition existed in the area of the accident which was *routinely left unaddressed* by the [defendant]." *Gonzalez*, 299 F. Supp. 2d at 193 (citation and quotation omitted) (emphasis added). This evidence must show Defendant's "constructive notice of the *particular* dangerous condition that caused the accident." *Id.* (Citations and quotations omitted) (emphasis added).

Here, according to the Walk Sheet, an earlier inspection on the day of Strass's slip and fall revealed a wet floor around Aisle 300. (Walk Sheet at 1.) Maintenance later mopped the floor and cured the potentially hazardous condition. (*Id.*) This evidence regarding Costco's knowledge of another spill in a different aisle is not relevant to establishing either how long prior to Strass's fall the spill in Aisle 319 existed or that Costco had constructive notice of that spill. *Ortiz v. Pathmark Stores, Inc.*, 03 CIV.0040, 2004 WL 2361674, at *4 (S.D.N.Y. Oct. 20, 2004), *aff'd,* 04-6146-CV, 2005 WL 2899864 (2d Cir. Nov. 3, 2005) (finding that evidence of grapes on the floor in one part of the store fifteen minutes prior to a slip and fall in another location did not establish

---

[12]     For purposes of this Memorandum and Order, the Court assumes that Aisle 319, where the accident occurred, is "not far" from Aisle 300, where another spill occurred earlier in the day. However, neither party has identified any evidence regarding the relative locations of these aisles.

constructive notice as to how long grapes were present in location where spill occurred); *Anderson v. Cent. Valley Realty Co.*, 751 N.Y.S.2d 586, 587-88 (N.Y. App. Div. 2002) (defendant entitled to summary judgment where plaintiff observed puddle of water in another part of the store prior to her fall, but could not show that the puddle plaintiff slipped on was present for enough time to infer constructive notice).

Second, Plaintiffs' circumstantial evidence that Strass slipped on a large puddle, without more, does not support an inference that the puddle had existed for enough time to allow a Costco employee to discover the spill and clean it up. Obviously, a large amount of liquid can be spilled as quickly as a small amount of water. To infer a longer period of time based on the size of the puddle, Plaintiffs would have to offer evidence that the original puddle was small and grew over time, such as might occur if the spill resulted from a slow leak.[13] Plaintiffs fail to offer any such evidence and thus do not create a genuine issue of material fact in order to survive summary judgment. *See Lacey*, 2015 WL 2254968, at *4-5 (finding that plaintiff failed to raise a triable issue of fact as to constructive notice, based on plaintiff's testimony that apple pieces were brown, since the apple pieces "could have been brown and oxidized before [they] fell on the floor"). This is not a case where the "telltale signs supporting an inference of a long-standing condition" are present. *See, e.g., Quarles*, 997 F. Supp. at 333 (rejecting plaintiff's argument about inferring a

---

[13]     Plaintiffs refer to *Giuffrida v. Metro N. Commute R. Co.* as a case that is "similar to the case at bar." (Pls.' Opp. at 7.) However, the court in *Giuffrida* applied the State court summary judgment standard, and is therefore distinguishable. *See* 720 N.Y.S.2d 41 (N.Y. App. Div. 2001) ("Contrary to defendants' suggestion, it is not plaintiff's burden in opposing the motions for summary judgment to establish that defendants had actual or constructive notice of the hazardous condition. Rather, it is defendants' burden to establish the lack of notice as a matter of law."). *Negri v. Stop & Shop, Inc.* is also distinguishable. In *Negri*, unlike here, the record contained circumstantial evidence "that a slippery condition was created by jars of baby food which had fallen and broken a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy the condition." 65 N.Y.2d 625, 626 (N.Y. 1985).

longstanding puddle where there was no evidence that the puddle had previously been stepped in). Accordingly, absent evidence regarding the increase in size of the puddle, any inference of constructive notice based on Plaintiffs' description of the size of the puddle is pure speculation. *See Nolasco v. Target Corp.*, 10-CV-3351, at 5 (E.D.N.Y. Nov. 14, 2012) (rejecting plaintiff's argument where "detergent may well have been inherently thick and cloudy"); *Casierra*, 2010 WL 2793778, at *3 ("For all we know, the lotion may have been on the floor for a long time, or it may have spilled moments before [the plaintiff] slipped on it."); *Casiano v. Target Stores*, 06-CV-6286, 2009 WL 3246836, at *4 (E.D.N.Y. Sept. 24, 2009) (finding that laundry detergent's condition as "dried, pasty, and sticky" did not permit the inference that it was "present on the floor for a sufficient amount of time to constitute constructive notice.").  *Cf. Figueroa v. Pathmark Stores, Inc.*, No. 02 CIV. 4992, 2004 WL 74261, at *4 (S.D.N.Y. Jan. 15, 2004) (inferring constructive notice where there was a trail of pink liquid with "shopping cart tracks and footprints through it" *combined* with plaintiff's observation that the liquid had changed colors and become sticky).

Accordingly, drawing all inferences in favor of Plaintiffs as the non-moving parties, a reasonable jury could not conclude that Defendant had constructive notice of the particular spill that allegedly caused Strass's injury.  This deficiency is fatal to Plaintiffs' negligence claim, which is the sole cause of action in this case.

**CONCLUSION**

For the reasons stated above, Defendant's motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to enter judgment for Defendant and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 17, 2016
    Brooklyn, New York

17